## (April 23, 1963)

■ In the Matter of DREWSCHIRE REALTY CORPORATION, Appellant, v. ROBERT E. HERMAN, as State Rent Administrator, Respondent, and MAX SCHNEIDER, Intervenor-Respondent.— Order entered on July 5, 1962, unanimously reversed on the law and the facts, without costs, and the determination of the State Administrator annulled and the matter remanded to the Administrator for reconsideration. In this application for a rent increase based on insufficient return the Administrator would be obliged to accept the 1960 sales price as a base for computations, provided that sale was, *inter alia*, "on normal financing terms". (Emergency Housing Rent Control Law, § 4, subd. 4, par. [a], cl. [1]; L. 1946, ch. 274, as amd.) As a guide in determining whether a sale was normally financed the Administrator had developed objective criteria which were to be taken into consideration. These criteria were subsequently incorporated into the statute in 1961. In making his determination in this case the Administrator did consider such criteria, some of which fell within the normal limits of standards heretofore established by the Administrator while others did not. Of course, the Administrator is not bound to accept the 1960 sales price merely because many of the terms of that sale appear to come within the range of the standards adopted by him in other proceedings. It appears, however, that the Administrator erroneously based his determination on a valuation of $400,000 which represents neither the 1960 sales price nor the alternative valuation provided by the statute. Accordingly, the matter must be remitted to the Administrator for his reconsideration. Concur — Botein, P. J., Breitel, Rabin, Valente and Eager, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LOUIS SURITA and WILLIAM RIVERA, Appellants.— Judgment of conviction of defendants for unlawful possession of narcotics as a felony, in violation of subdivisions 2 and 3 of section 1751 of the Penal Law and with possession of narcotics as a misdemeanor, unanimously reversed on the law and a new trial granted. The trial court, on this post-*Rosario* trial, should have granted defense counsel's request for an examination of the minutes of the Grand Jury testimony of the witness Byrne, for use for cross-examination purposes; and, upon the record here, the denial of his request constituted prejudicial error requiring reversal of the conviction. (See *People* v. *Rosario*, 9 N Y 2d 286; cf. *People* v. *Askew*, 15 A D 2d 727.) Under the circumstances, we do not reach the question of whether or not on this pre-*Mapp* trial there was also reversible error in the receipt of the evidence now claimed by defendants to have been obtained in the course of an alleged unlawful search and seizure. (Cf. *People* v. *Wade*, 12 N Y 2d 61; *People* v. *Kelly*, 12 N Y 2d 248.) The questions with relation thereto should be reserved for determination on the evidence to be developed on a new trial which will now be conducted in the light of the decision of *Mapp* v. *Ohio* (367 U. S. 643). Concur — Botein, P. J., Breitel, Stevens, Eager and Steuer, JJ.